UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VELERON HOLDING, B.V.,

Plaintiff,

v.

BNP PARIBAS SA, *et al.*

Defendants.

12 Civ. 5966 (CM)

## DECLARATION OF ABHISHEK SUDHIR IN SUPPORT OF MOTION TO DISMISS FOR FORUM NON CONVENIENS

**ABHISHEK SUDHIR,** affirms the following under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. From January 2010 to present, I have held the corporate title of Director at Credit Suisse. Prior to that my corporate title was Vice President. My function now and at the time of the relevant transaction was to originate and structure strategic equity derivatives and financing transactions. **Credit Suisse International** ("CSI") is incorporated in the United Kingdom and headquartered in London, England.

2. I understand that Plaintiff Veleron Holding, B.V. has filed a complaint in the Federal District Court for the Southern District of New York against, among others, CSI (the "New York Proceeding").

3. I submit this affidavit in support of CSI's Motion to Dismiss on the ground of Forum Non Conveniens. I do so based on my personal knowledge and recollection and inquiry into events surrounding the New York Proceeding.

4. I am a citizen and resident of the United Kingdom. Currently, I reside in London, England and work in London, England.

5.     CSI began negotiations with respect to its exposure to the Credit Agreement and other documents that form the basis of this dispute in London, England.

6.     CSI entered into the agreement relating to its exposure to the Credit Agreement and other documents that form the basis of this dispute in London, England.

7.     The key CSI employees involved in discussions regarding the restructuring of the Credit Agreement were located primarily in London, England at the time of the events giving rise to the New York proceeding.

8.     The following other Credit Suisse employees negotiated, drafted or otherwise participated in the transaction or restructuring and were all located in London, England and not in the United States.

- Alessandro Mazza;
- Anda Chuntonova;
- Remi Mennesson;
- Valery Glushko, and
- Benjamin Tan.

9.     The following employee of a US-based Credit Suisse entity was located in New York and offered minimal support with the transaction:

- Robert Sowler. He booked the risk of the transaction on his trading books for CSI. He carries out this function on a global basis.

10.    The vast majority of CSI's documents regarding this transaction are located in London, England and not in the United States.

11.    To the best of my knowledge, all employees of Russian Machines with whom CSI interacted were and are located outside the United States.

12. Appearance at trial in the United States would be burdensome, disruptive and costly to CSI because CSI's witnesses and documents related to the underlying transaction are located in London, England.

13. In addition, CSI will consent to jurisdiction in any appropriate court in London, England.

14. CSI will agree that any applicable statute of limitations that had not already expired as of the date of the filing of the Complaint was tolled while this action was pending here.

15. CSI will satisfy any final, non-appealable judgment of an English court.

16. I submit this affidavit solely for the specific purpose of contesting personal jurisdiction over CSI in this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed on November 16, 2012 at London England.

_____
Abhishek Sudhir