UNITED STATES DSITRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

VELERON HOLDING, B.V.,

        Plaintiff,

    -against-                                     12 Civ. 5966 (CM)

MORGAN STANLEY; MORGAN STANLEY
CAPITAL SERVICES, INC., MORGAN STANLEY
& CO., INCORPORATED; MORGAN STANLEY
& CO;

        Defendants.

---------------------------------------------------------------x

## ORDER UNSEALING PORTIONS OF DECISION AND OTHER DOCUMENTS

McMahon, J.:

On April 2, 2014, this Court handed down a decision denying the motion of remaining defendant Morgan Stanley & Co. for summary judgment. That decision, like the entire file in this matter, was filed under seal, owing to the pendency of a commercial arbitration before the London Court of International Arbitration (LCIA) involving two non-parties to this lawsuit: Russian Machines, the parent company of Plaintiff Veleron Corporation, and BNP Paribas, which loaned money to Veleron so that corporation (a shell, acting on behalf of its parent) could effect the purchase of stock in a Canadian corporation called Magna International. The rules of the LCIA make all materials used in the arbitration, and the arbitrator's award, confidential, and Veleron filed this lawsuit by misusing materials provided to it by its parent corporation, Russian Machines, in violation of those rules – a violation for which RM has been enjoined from permitting its wholly-owned subsidiary from using any "confidential materials" from the arbitration in this lawsuit.

1

This Court long ago dismissed the claims against all defendants other than Morgan Stanley on the ground of *forum non conveniens*. All that remains for adjudication before this Court is Veleron's claim that Morgan Stanley committed securities fraud in violation of United States law.

On December 26, 2013, Morgan Stanley moved for summary judgment, arguing that the LCIA award absolved it (a non-party) of responsibility to Veleron (also a non-party) and was collateral estoppel. That motion was denied.

Veleron cross moved to unseal certain portions of the record. That motion was granted, over Morgan Stanley's strenuous opposition. Indeed, the Court ruled that the entire file should be unsealed, unless some party could explain why a particular page or document in the record qualifies as "confidential" as that term is defined in the confidentiality stipulation entered by this court in the context of this litigation.

By virtue of the Court's April 2 decision granting Veleron's motion for a partial unsealing of the record, all of the documents Veleron asked to have unsealed in their entirety are to be immediately unsealed: Docket Nos. 85, 97, 98, 100, and 117.

Additionally, I am filing, contemporaneous with this order, an unsealed version of the April 2, 2014 opinion. The only matters that have been redacted relate to the terms of the Second Partial Award (SPA) entered by the LCIA other than terms relating to the issue of confidentiality. For the reasons articulated in the April 2 opinion, disclosure of the portions of the SPA that determine, as between RM and BNP Paribas, who is liable to whom under Canadian and English law are unnecessary to the determination of this lawsuit, and so should – at least for the moment – remain confidential in conformity with the rules of that Tribunal.

2

I recognize that the SPA qualifies as a "judicial document" within the meaning of the Second Circuit's decision *in Lugosch v. Pyramid Company of Onondaga, et al.*, 435 F. 3d 110 (2d Cir. 2006) because it was provided to this court in support of Morgan Stanley's motion for summary judgment. However, as both this court and the Tribunal have concluded, the terms of the SPA – at least to the extent that it resolves the dispute between RM and BNP Paribas, the parties to the arbitration – has no bearing on the resolution of *this* lawsuit.

Indeed, the SPA would never have been a "judicial document" if Morgan Stanley had not made a patently frivolous motion to have non-existent collateral estoppel effects imputed to the Award. Morgan Stanley – a non-party to the arbitration – has no right to insist on public disclosure of a confidential document that has no bearing on its liability in this case, simply because, under the exceedingly broad definition of "relevance" in the Federal Rules of Civil Procedure, that document could be lawfully subpoenaed from a non-party to this lawsuit. Morgan Stanley itself recognized as much when it opposed Veleron's unsealing motion; it argued strenuously that BNP Paribas produced the SPA in response to the subpoens, and did not seek to resist the subpoena, only because of the sealing order that was then in place – BNP Paribas being subject to the LCIA Rules that barred it, as a party to the arbitration, from disclosing the Award. Certainly the trier of fact in this case will have no access to the SPA; it will not be allowed in as trial evidence. Any testimony or documents that may have been considered by the Tribunal but that relate to litigation of the allegations of securities fraud against Morgan Stanley – and there undoubtedly are some – will eventually become public, but it will happen as that testimony or those documents are produced and relied on in this court. In short, the "merits" portions of the SPA need not be disclosed at this time.

If disclosure of all or part of those portions of the Second Partial Award that relate to the merits of the dispute between RM and BNP Paribas should prove necessary to the adjudication of this action, this Court will entertain an application to unseal them.

I do not believe it either necessary or possible to redact references to the LCIA's confidentiality rules, or to the fact that RM admitted violating those rules in connection with the commencement of this lawsuit. The Tribunal's sanction of RM for that violation will inevitably play out in this Court, as RM is enjoined to prevent Veleron from making further use of confidential materials disclosed to it in breach of RM's duty. This Court will cooperate with the Tribunal by enforcing that aspect of the SPA, so it cannot remain undisclosed.

I do not understand the injunction to bar Veleron from making use of materials that are disclosed by third parties, even if they duplicate "confidential material" from the arbitration – only from using materials wrongfully disclosed to it by its parent corporation.

Finally, as neither party has accepted the Court's offer to identify pages of documents in the record that ought to be treated as confidential, the *only* documents presently in the record that can remain under seal are the FPA, the SPA and other orders of the Tribunal (except to the extent that this court has disclosed them in unsealed portions of the April 2, 2014 opinion), and references to those documents in the parties' briefs. (This includes the other two documents identified in Veleron's motion to unseal—the memoranda in support of and in opposition to Morgan Stanley's motion for summary judgment based on collateral estoppel—which are to be unsealed except to the extent that they reveal the contents of the FPA, the SPA, and other orders of the Tribunal). Counsel have ten business days to file appropriately redacted copies of all documents in this action with the Clerk of the Court. Should I later learn that any party failed to

comply with this aspect of the Court's order (as by not sealing material from the SPA that has been ordered sealed), that party will be sanctioned.

All further documents in this action will be filed publicly, and not under seal, unless they disclose the contents of an LCIA Award other than contents discussing RM's admission that it violated the LCIA Rules. There is absolutely nothing confidential about the materials that are being produced from the participants to the Veleron loan and the ABB in response to third party discovery requests propounded in this lawsuit.

Dated: April 16, 2014

_____
U.S.D.J.

BY ECF TO ALL COUNSEL