CONFIDENTIAL – FILED UNDER SEAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
:
VELERON HOLDING, B.V.,                              : Index No.: 12-cv-5966 (CM)
:
        Plaintiff,                              :
:
  - against -                                       :
:
BNP PARIBAS SA; MORGAN STANLEY;     :
MORGAN STANLEY CAPITAL              :
SERVICES, INC.; MORGAN STANLEY &    :
CO., INCORPORATED; MORGAN           :
STANLEY & CO.; CREDIT SUISSE        :
INTERNATIONAL; NEXGEN/NATIXIS       :
CAPITAL LIMITED; and THE ROYAL      :
BANK OF SCOTLAND N.V.,              :
:
        Defendants.                            :
:
-------------------------------------------------------------- x

## PLAINTIFF VELERON HOLDING, B.V.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO UNSEAL THE RECORD

KASOWITZ, BENSON, TORRES &
  FRIEDMAN LLP
Marc E. Kasowitz
Aaron H. Marks
Ronald R. Rossi
Emilie B. Cooper
1633 Broadway
New York, New York 10019
Tel.: (212) 506-1700

*Attorneys for Plaintiff Veleron Holding, B.V.*

**CONFIDENTIAL –FILED UNDER SEAL**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................... 2
FACTUAL BACKGROUND ............................................................................................... 3
ARGUMENT .......................................................................................................................... 6
   I.   THE FAC, THE MOTION TO DISMISS BRIEFS, AND THE DECISION AND ORDER SHOULD BE UNSEALED IN THEIR ENTIRETY ...................... 8
   II.  THE SUMMARY JUDGMENT BRIEFS SHOULD BE PARTIALLY UNSEALED ............................................................................................................. 11
CONCLUSION .................................................................................................................... 14

<u>CONFIDENTIAL – FILED UNDER SEAL</u>

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alexandria Real Estate Equities, Inc. v. Fair*,
11 Civ. 3694, 2011 WL 6015646 (S.D.N.Y. Nov. 30, 2011) .................................................. 12

*Bijan Designer for Men, Inc. v. Katzman*,
96 Civ. 7345, 1997 WL 51504 (S.D.N.Y. Feb. 7, 1997) .......................................................... 9

*Century Indem. Co. v. AXA Belgium*,
11 Civ. 7263, 2012 WL 4354816 (S.D.N.Y. Sept. 24, 2012) ............................................. 8, 12

*Church Ins. Co. v. Ace Prop. & Cas. Ins. Co.*,
10 Civ. 698, 2010 WL 3958791 (S.D.N.Y. Sept. 23, 2010) ................................................... 12

*Doe v. Greiner*,
662 F. Supp. 2d 355 (S.D.N.Y. 2009) ...................................................................................... 9

*Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*,
26 F. Supp. 2d 606 (S.D.N.Y. 1998) ...................................................................................... 10

*JetBlue Airways Corp. v. Helferich Patent Licensing, LLC*,
12 Civ. 5847, 2013 WL 713929 (E.D.N.Y. Feb. 28, 2013) ..................................................... 8

*Joy v. N.*,
692 F.2d 880 (2d Cir. 1982) ................................................................................................... 11

*Koch v. Greenberg*,
07 Civ. 9600, 2012 WL 1449186 (S.D.N.Y. Apr. 13, 2012) ............................................ 10, 12

*Liberty Re (Bermuda) Ltd. v. Transamerica Occidental Life Ins. Co.*,
04 Civ. 5044, 2005 WL 1216292 (S.D.N.Y. May 23, 2005) ................................................... 9

*Lugosch v. Pyramid Co. of Onondaga*,
435 F.3d 110 (2d Cir. 2006) ................................................................................................... 11

*McDonough v. Nassau Cnty. Bd. of Co-op. Educ. Servs.*,
05 Civ. 2507, 2008 WL 565511 (E.D.N.Y. Feb. 29, 2008) ................................................. 6, 9

*Merck Eprova AG v. Prothera, Inc.*,
08 Civ. 0035, 2009 WL 3200683 (S.D.N.Y. Oct. 6, 2009) ............................................ 6, 9, 10

*Nycomed US, Inc. v. Glenmark Generics, Inc.*,
08 Civ. 5023, 2010 WL 889799 (E.D.N.Y. Mar. 8, 2010) ..................................................... 12

CONFIDENTIAL – FILED UNDER SEAL

*Pall Corp. v. 3M Purification Inc.*,
   764 F. Supp. 2d 478 (E.D.N.Y. 2011) ............................................................................... 11

*In re Parmalat Sec. Litig.*,
   258 F.R.D. 236 (S.D.N.Y. 2009) ........................................................................... 10, 11, 12

*In Re Platinum & Palladium Commodities Litig.*,
   828 F. Supp. 2d 602 (S.D.N.Y. 2011) .................................................................................. 7

*Prod. Res. Grp., L.L.C. v. Martin Prof'l, A/S*,
   907 F. Supp. 2d 401 (S.D.N.Y. 2012) ............................................................................ 7, 12

*Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.*,
   09 Civ. 3961, 2010 WL 339784 (S.D.N.Y. Jan. 25, 2010) ............................................. 9, 10, 12

*Rosenblatt v. Northwest Airlines, Inc.*,
   54 F.R.D. 21 (S.D.N.Y. 1971) ...................................................................................... 10, 12

*Scheider v. Wallace*,
   93 Civ. 0062, 1996 WL 633226 (S.D.N.Y. Oct. 31, 1996) ............................................... 7, 9

*Std. Chartered Bank Intern. (Am.) Ltd. v. Calvo*,
   757 F. Supp. 2d 258 (S.D.N.Y. 2010) .............................................................................. 7, 8

*United States v. Amodeo*,
   44 F.3d 141 (2d Cir. 1995) ..................................................................................... 6, 11, 12

*United States v. Amodeo*,
   71 F.3d 1044 (2d Cir. 1995) ................................................................................................ 6

*United States v. Int'l Bus. Machines Corp.*,
   67 F.R.D. 40 (S.D.N.Y. 1975) ...................................................................................... 10, 12

*United States v. Sattar*,
   471 F. Supp. 2d 380 (S.D.N.Y. 2006) .................................................................................. 8

**CONFIDENTIAL – FILED UNDER SEAL**

Plaintiff Veleron Holding, B.V. ("Veleron") respectfully submits this memorandum of law in support of its motion to unseal the record filed concurrently herewith. Specifically, Veleron seeks to: (A) unseal the First Amended Complaint filed on December 7, 2012 (the "FAC"), Defendants Morgan Stanley, Morgan Stanley Capital Services, Inc., Morgan Stanley & Co., Inc., and Morgan Stanley & Co.'s (collectively, "Morgan Stanley") Memorandum of Law in Support of their Motion to Dismiss Plaintiff's First Amended Complaint filed on January 18, 2013 (the "MS MTD Brief"), the Memorandum of Law in Support of Motions to Dismiss the First Amended Complaint on Behalf of BNP Paribas, SA ("BNP"), Credit Suisse International, Nexgen Capital Limited, and the Royal Bank of Scotland N.V. filed on January 18, 2013 (the "BNP MTD Brief"), Plaintiff Veleron's Opposition to Defendants' Motions to Dismiss filed on February 22, 2013 (the "Veleron MTD Brief" and, with the MS MTD Brief and the BNP MTD Brief, the "Motion to Dismiss Briefs"), and the Court's Decision and Order concerning the motions to dismiss dated May 16, 2013 (the "Decision and Order"), in their entirety, and (B) unseal the Morgan Stanley Defendants' Memorandum of Law in Support of their Motion for Summary Judgment Based on Collateral Estoppel filed on December 26, 2013 (the "MS SJ Brief") and Plaintiff Veleron's Opposition to the Morgan Stanley Defendants' Motion for Summary Judgment Based on Collateral Estoppel filed on January 27, 2014 (the "Veleron SJ Brief" and, with the MS SJ Brief, the "Summary Judgment Briefs"), except to the extent necessary to preserve the confidentiality of the Second Partial Award issued in connection with the London Court of International Arbitration proceeding between BNP and OJSC Russian Machines (the "London Arbitration").[1]

---

[1] Any exhibits and supporting papers filed in connection with the FAC, the Motion to Dismiss Briefs and the Summary Judgment Briefs should also be unsealed for the reasons stated herein.

## PRELIMINARY STATEMENT

This Court operates under a presumption that the entire record should be publicly available. Until now -- in derogation of that presumption -- the record in this case has been kept entirely under seal in deference to the confidentiality of the London Arbitration. However, the basis for sealing the entire record here no longer exists because (i) the London Arbitration has concluded, and (ii) the documents referred to in the FAC which were originally produced in the London Arbitration have now been produced in discovery in this action. Consequently, whether the record is appropriately sealed should be determined in accordance with the rules and standards applicable in this Court. As set forth more fully below, with the exception of references to the Second Partial Award, established precedent dictates that the record in this case be unsealed and open to the public.

In sealing the FAC, this Court explained that, under normal circumstances, it "would never countenance the sealing of this entire file without making an independent finding that the documents sought to be sealed were in fact confidential . . . ." The Court further explained that "once the London [A]rbitration is concluded, th[e] matter [of sealing] will be revisited by this court . . . ." On August 30, 2013, the tribunal in the London Arbitration rendered its Second Partial Award, and the London Arbitration has now concluded. Accordingly, it is appropriate for the Court to revisit whether sealing of the entire record is appropriate.

There is no justification for keeping the FAC, the Motion to Dismiss Briefs and the Decision and Order under seal. There is no longer a need to defer to the confidentiality of the London Arbitration. Further, as judicial documents, the FAC, the Motion to Dismiss Briefs and the Decision and Order are all entitled to a strong presumption of public access. Therefore, only upon a showing of a specific need for secrecy can these documents be maintained under seal. No

such showing can be made here because, among other things, the information contained in the FAC, the Motion to Dismiss Briefs and the Decision and Order is all over five years old. The information is therefore stale and does not justify confidential treatment.

Similarly, the Summary Judgment Briefs are judicial documents to which the presumption of public access attaches, and the information referred to therein is also stale. Accordingly, except to the extent that the Summary Judgment Briefs refer to the Second Partial Award, they too should be unsealed and redacted versions should be filed on the public docket.

## FACTUAL BACKGROUND

As extensively set forth in the Court's Decision and Order, the events giving rise to this action occurred in 2007 and 2008. More specifically, in September 2007, BNP and Veleron entered into a loan arrangement pursuant to which Veleron pledged its 20 million shares in Magna International, Inc. ("Magna") as collateral (the "Pledged Collateral"). Morgan Stanley disposed of the Pledged Collateral through an accelerated book building ("ABB") on October 3, 2008. In the days leading up to the ABB, Morgan Stanley established significant short positions in Magna. These short positions form the basis of Veleron's securities claim against Morgan Stanley.

On or about August 6, 2010, BNP commenced the London Arbitration against OJSC Russian Machines ("Russian Machines") seeking the difference between the amount of the loan and the proceeds received from the disposal of the Pledged Collateral. Pursuant to the Rules of the London Court of International Arbitration, the entirety of the London Arbitration was confidential, including documents produced in the course of the arbitration.[2]

---

[2] Morgan Stanley did not produce any documents in the London Arbitration.

On August 3, 2012, Veleron filed this action. Because certain documents received by Russian Machines during the course of the London Arbitration were referenced in Veleron's original complaint, in an abundance of caution, Veleron sought to file that complaint under seal. Veleron's sealing application was granted by the Part 1 judge on August 3, 2012. *See* Declaration of Emilie B. Cooper in Support of Plaintiff Veleron Holding, B.V.'s Motion to Unseal the Record, dated February 4, 2014 ("Cooper Decl.") Ex. 1. Subsequently, the sealing order was made permanent by this Court on September 23, 2012, without any specific findings as to the confidentiality of the information in the complaint. *See* Cooper Decl. Ex. 2. Rather, the Court sealed the record in this action out of deference to the Part 1 judge, noting that it "would never countenance the sealing of this entire file without making an independent finding that the documents sought to be sealed were in fact confidential; once the London [A]rbitration is concluded, that matter will be revisited by this court . . . ." *See* Cooper Decl. Ex. 3.

On December 7, 2012, Veleron filed its FAC. Again, due to the confidentiality rules applicable to the documents produced in the London Arbitration, Veleron's FAC was filed under seal without any specific findings by the Court regarding the necessity for a sealing order. *See* Cooper Decl. Ex. 4.

On January 18, 2013, defendants moved to dismiss the action pursuant to both Rule 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. The Motion to Dismiss Briefs were filed under seal, without specific findings as to the necessity of sealing these documents. *See* Cooper Decl. Ex. 5.

On May 16, 2013, the Court issued its Decision and Order granting in part and denying in part the motions to dismiss. The Court sustained Veleron's securities claim against Morgan

Stanley, while the causes of action against the remainder of the banks were dismissed on the grounds of *forum non conveniens*. The Decision and Order was filed under seal.

On or about July 17, 2013, Veleron served a subpoena on BNP seeking a variety of documents. On January 13, 2014, BNP responded to this subpoena by producing all of the documents that it had previously produced in the London Arbitration.

On August 13, 2013, the Second Partial Award was issued in the London Arbitration. On or about November 6, 2013, pursuant to a subpoena issued by Morgan Stanley in this action, BNP produced the Second Partial Award.

On October 11, 2013, this Court so ordered a Stipulation and Order for the Production and Use of Confidential Information (the "Confidentiality Order") which sets forth, among other things, the procedure that the parties should follow in filing documents under seal. *See* Cooper Decl. Ex. 6. The Confidentiality Order provides, in relevant part, that a party seeking to submit documents under seal must write a letter to the Court "setting forth the reasons for seeking [to] file the submission or part of the submission under seal." *Id.* § 5.2. Additionally, the Confidentiality Order provides that "[o]nly those documents or portions of documents containing Confidential Discovery Material shall be filed under seal. Any party filing any Confidential Discovery Material, or any papers containing or revealing such information shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only (i) the Confidential Discovery Material and (ii) any text that in any material way reveals the Confidential Discovery Material." *Id.* Pursuant to Rule IV.I of this Court's Individual Practices, the Confidentiality Order further explains that "[i]t has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices.

The Court operates under a presumption that the entire record should be publicly available." *Id.* § 16.3.

On December 26, 2013, Morgan Stanley filed a motion for summary judgment asserting that the Second Partial Award collaterally estops Veleron from pursuing its securities fraud claim against Morgan Stanley. The briefing in connection with Morgan Stanley's motion and all supporting papers were filed under seal without a specific finding regarding the confidentiality of these documents.

On January 27, 2014, Veleron filed its opposition papers in response to Morgan Stanley's motion for summary judgment. In support of its opposition, Veleron filed forty-six exhibits, the majority of which were documents produced by Morgan Stanley in this action. Veleron's SJ Brief, its statement pursuant to Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, and the exhibits and affidavits in support thereof, were all filed under seal.

## ARGUMENT

Judicial documents are those that are "relevant to the performance of the judicial function and useful in the judicial process . . . ." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). It is well-established that there is both a common law and First Amendment right of public access to judicial documents. *See United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). Accordingly, "[c]ourt records are presumptively open to the public." *Merck Eprova AG v. Prothera, Inc.*, 08 Civ. 0035, 2009 WL 3200683, at *1 (S.D.N.Y. Oct. 6, 2009); *see also McDonough v. Nassau Cnty. Bd. of Co-op. Educ. Servs.*, 05 Civ. 2507, 2008 WL 565511, at *1 (E.D.N.Y. Feb. 29, 2008) ("There is a presumption of public access to court records and documents."); Cooper Decl. Ex. 6 § 16.3. "The presumption of access is based on the need for

federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *Amodeo*, 71 F.3d 1044 at 1048.

A court should not order that a document be sealed unless "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Prod. Res. Grp., L.L.C. v. Martin Prof'l, A/S*, 907 F. Supp. 2d 401, 417 (S.D.N.Y. 2012) (citations omitted); *see also* Cooper Decl. Ex. 6 § 5.2 (requiring that a party seeking to submit documents under seal write a letter to the Court "setting forth the reasons for seeking [to] file the submission or part of the submission under seal"). Accordingly, sealing of an entire case file is particularly disfavored because it "spawn[s] considerable mischief" and "conceal[s] the very existence of lawsuits from the public." *Std. Chartered Bank Intern. (Am.) Ltd. v. Calvo*, 757 F. Supp. 2d 258, 260 (S.D.N.Y. 2010); *see also In Re Platinum & Palladium Commodities Litig.*, 828 F. Supp. 2d 602, 604 (S.D.N.Y. 2011) (explaining that "sealing an entire case file is a last resort").

In determining whether a particular document is appropriately filed under seal in derogation of the presumption of access, a court undertakes a two-step process: first, the court determines the strength of the presumption of public access to the document in question; second, the court weighs any countervailing factors against the presumption of access. *See Scheider v. Wallace*, 93 Civ. 0062, 1996 WL 633226, at *1 (S.D.N.Y. Oct. 31, 1996) (citing *Amodeo*, 71 F.3d 1044 at 1049-51).

Here, because there is a strong presumption of access to all of the documents in question and there are no countervailing factors justifying the wholesale sealing of the documents, the FAC, the Motion to Dismiss Briefs, the Decision and Order and the Summary Judgment Briefs, as well as any exhibits filed in connection with the foregoing, should be unsealed.

**CONFIDENTIAL – FILED UNDER SEAL**

**I. THE FAC, THE MOTION TO DISMISS BRIEFS, AND THE DECISION AND ORDER SHOULD BE UNSEALED IN THEIR ENTIRETY.**

The FAC, the Motion to Dismiss Briefs, and the Decision and Order were all originally filed under seal out of deference to the Part I judge and as a result of the confidentiality of the London Arbitration. However, the underlying basis for sealing is no longer applicable: the London Arbitration has now concluded and all of the documents produced therein have been re-produced in this action. Accordingly, the determination of whether the FAC, Motion to Dismiss Briefs and the Decision and Order can properly be maintained under seal is squarely within this Court's purview and whether sealing is appropriate should be determined by the well-established rules regarding sealing in this Court. Pursuant to these standards, the FAC, the Motion to Dismiss Briefs and the Decision and Order should not remain under seal.

As a threshold matter, there is a strong presumption of access to the FAC, the Motion to Dismiss Briefs and the Decision and Order. *See Century Indem. Co. v. AXA Belgium*, 11 Civ. 7263, 2012 WL 4354816, at *13 (S.D.N.Y. Sept. 24, 2012) (holding that the parties' pleadings were "indisputably judicial documents to which the presumption of access attache[d]"); *Std. Chartered Bank*, 757 F. Supp. 2d at 259-60 (explaining that the strong presumption of access applies to a complaint as it "underpin[s] a civil action and give[s] a federal court jurisdiction over a matter"); *JetBlue Airways Corp. v. Helferich Patent Licensing, LLC*, 12 Civ. 5847, 2013 WL 713929, at *10 (E.D.N.Y. Feb. 28, 2013) ("Material such as an exhibit in aid of a dispositive motion 'fall[s] on the end of the continuum subject to the strongest presumption of access.'") (alterations in original) (citations omitted); *see also United States v. Sattar*, 471 F. Supp. 2d 380, 386 (S.D.N.Y. 2006) ("If a party submitted the document as part of the process of adjudication, the presumption of public access accorded the document is entitled to great weight.").

In particular, the presumption of access is especially strong with respect to the Decision and Order as nothing could more directly affect the adjudication of an action than an opinion of the court. *See Scheider*, 1996 WL 633226, at *1; *McDonough*, 2008 WL 565511, at *1; *see also Bijan Designer for Men, Inc. v. Katzman*, 96 Civ. 7345, 1997 WL 51504, at *1 (S.D.N.Y. Feb. 7, 1997). Absent exceptional circumstances -- which are simply not present here -- court opinions should be open to the public. *See Liberty Re (Bermuda) Ltd. v. Transamerica Occidental Life Ins. Co.*, 04 Civ. 5044, 2005 WL 1216292, at *6 (S.D.N.Y. May 23, 2005) (citing *Joy v. N.*, 692 F.2d 880, 893 (2d Cir. 1982)). Accordingly, courts routinely hold that judicial opinions should not be kept under seal. *See, e.g., Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.*, 09 Civ. 3961, 2010 WL 339784, at *1 (S.D.N.Y. Jan. 25, 2010) (holding that the court's opinion should be unsealed); *Merck Eprova AG*, 2009 WL 3200683, at *1 (same); *McDonough*, 2008 WL 565511, at *1 (denying defendant's request to seal the court's opinion).

To the extent that any of the defendants seek to overcome the presumption of access applicable to the FAC, the Motion to Dismiss Briefs and the Decision and Order, they bear the heavy burden of demonstrating that the public's right to access is outweighed by "the most compelling reasons." *Revise Clothing*, 2010 WL 339784, at *1 (citations omitted). A showing of this magnitude is not possible here as there is no basis upon which to seal the FAC, the Motion to Dismiss Briefs and the Decision and Order. These documents do not concern matters that are highly sensitive or that implicate issues of privacy. *See Doe v. Greiner*, 662 F. Supp. 2d 355, 360 (S.D.N.Y. 2009). Indeed, the FAC, the Motion to Dismiss Briefs, and Decision and Order do not contain the type of information normally found to warrant sealing. *See, e.g., Scheider*, 1996 WL 633226, at *2 (partially sealing document to maintain the secrecy of grand

9

jury proceedings); *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 615 (S.D.N.Y. 1998) (partially sealing document to maintain the integrity of trade secrets).

Moreover, because the events that gave rise to this action took place more than five years ago, any commercial information contained in the FAC, the Motion to Dismiss Briefs, and the Decision and Order is stale and not a sufficient basis upon which to seal these documents. *See, e.g., Koch v. Greenberg*, 07 Civ. 9600, 2012 WL 1449186, at *4 (S.D.N.Y. Apr. 13, 2012) (declining to "protect several-year-old information without a specific explanation of the harm that would be caused by disclosure"); *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 250 (S.D.N.Y. 2009) (seven-year-old commercial information did not warrant sealing in the absence of evidence showing harm from disclosure); *United States v. Int'l Bus. Machines Corp.*, 67 F.R.D. 40, 47 (S.D.N.Y. 1975) (business information ranging from three to fifteen years old did not justify sealing); *Rosenblatt v. Northwest Airlines, Inc.*, 54 F.R.D. 21, 23 (S.D.N.Y. 1971) (one year old commercial information did not constitute "confidential commercial information").

Further, any claim that allowing public access to the FAC, the Motion to Dismiss Briefs, and Decision and Order would harm any of the defendants' reputations or commercial interests is insufficient to overcome the heavy presumption in favor of access to judicial documents. *See, e.g., Revise Clothing*, 2010 WL 339784, at *1 ("conclusory allegations of commercial injury are an insufficient basis for redacting or sealing" judicial documents); *Merck Eprova AG*, 2009 WL 3200683, at *1 (same).

Accordingly, because no specific showing can be made as to why the FAC, the Motion to Dismiss Briefs, and the Decision and Order warrant sealing, these documents should be unsealed in their entirety.

## II. THE SUMMARY JUDGMENT BRIEFS SHOULD BE PARTIALLY UNSEALED.

The Summary Judgment Briefs and documents filed in support thereof are, as a matter of law, judicial documents to which the presumption of public access attaches. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 123 (2d Cir. 2006) ("As a matter of law, then, we hold that the contested documents -- by virtue of having been submitted to the court as supporting material in connection with a motion for summary judgment -- are unquestionably judicial documents under the common law."); *In re Parmalat Sec. Litig.*, 258 F.R.D. at 246-47 (S.D.N.Y. 2009) (Rule 56.1 statements were judicial documents entitled to a strong presumption of public access); *Pall Corp. v. 3M Purification Inc.*, 764 F. Supp. 2d 478, 479 (E.D.N.Y. 2011) ("Where the information gained during discovery is offered in support of or opposition to a dispositive motion..., a qualified right of public access exists."). Further, these documents constitute judicial documents even though the Court has not yet ruled on the summary judgment motion. *See Lugosch*, 435 F.3d at 123 (rejecting argument that documents filed in connection with a summary judgment motion were not "judicial documents" until disposition of motion). Accordingly, the Summary Judgment Briefs and documents filed in connection therewith are entitled to a strong presumption of public access and subject to the same standards set forth above. *See Joy v. N.*, 692 F.2d at 893 ("[D]ocuments used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons.").

While the Summary Judgment Briefs quote from the Second Partial Award -- a document which Veleron concedes is confidential -- that does not warrant wholesale sealing of the Summary Judgment Briefs. Rather, those portions of the Summary Judgment Briefs which refer to the Second Partial Award should be redacted so that a public version may be filed on the docket. *See, e.g., Amodeo*, 44 F.3d at 147 ("[I]t is proper for a district court, after weighing competing interests, to edit and redact a judicial document in order to allow access to appropriate

11

portions of the document[.]"); *Revise Clothing*, 2010 WL 339784, at *1 (same); *see also* Cooper Decl. Ex. 6 § 5.2 ("Only those documents or portions of documents containing Confidential Discovery Material shall be filed under seal. Any party filing any Confidential Discovery Material, or any papers containing or revealing such information shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only (i) the Confidential Discovery Material and (ii) any text that in any material way reveals the Confidential Discovery Material."). Any such redactions should be made by the Court upon specific findings regarding the confidentiality of the underlying material. *See Amodeo*, 44 F.3d at 147 (holding that it was improper for the district court to delegate its authority to make redactions).

Further, because of the age of the information referred to in the Summary Judgment Briefs, including but not limited to the exhibits relied upon and filed in connection with the Veleron SJ Brief,[3] there can be no argument that the information contained therein is sensitive business information which is properly maintained under seal. *See Koch*, 2012 WL 1449186, at *4; *In re Parmalat Sec. Litig.*, 258 F.R.D. at 250; *Int'l Bus. Machines Corp.*, 67 F.R.D. at 47; *Rosenblatt*, 54 F.R.D. at 23.

---

[3] The exhibits to the Veleron SJ Brief are largely documents produced by Morgan Stanley in discovery in this action. Morgan Stanley's designation of these documents as confidential cannot, in of itself, justify sealing. *See Alexandria Real Estate Equities, Inc. v. Fair*, 11 Civ. 3694, 2011 WL 6015646, at *3 (S.D.N.Y. Nov. 30, 2011) ("[T]he mere existence of a confidentiality agreement covering judicial documents is insufficient to overcome the First Amendment presumption of access."); *Church Ins. Co. v. Ace Prop. & Cas. Ins. Co.*, 10 Civ. 698, 2010 WL 3958791, at *3 (S.D.N.Y. Sept. 23, 2010) (denying sealing request and holding that the "mere existence of a confidentiality agreement . . . does not demonstrate that sealing is necessary") (internal quotes and citations omitted); *see also* Cooper Decl. Ex. 6 § 16.3 ("It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices."). Indeed, courts routinely deny motions to seal notwithstanding the existence of confidentiality agreements or confidentiality rules covering the documents in question. *See, e.g., Prod. Res. Grp., L.L.C.*, 907 F. Supp. 2d at 417; *Nycomed US, Inc. v. Glenmark Generics, Inc.*, 08 Civ. 5023, 2010 WL 889799, at *1 (E.D.N.Y. Mar. 8, 2010). While such agreements are binding on the parties, they are not binding on the court. *See Century Indem. Co.*, 2012 WL 4354816, at *14.

**CONFIDENTIAL –FILED UNDER SEAL**

Accordingly, because there is no justification for sealing the Summary Judgment Briefs and documents filed in connection therewith, except to the extent necessary to preserve the confidentiality of the Second Partial Award, redacted versions of these documents should be filed on the public docket.

<u>**CONFIDENTIAL – FILED UNDER SEAL**</u>

## CONCLUSION

For the foregoing reasons, Veleron's motion to unseal the record should be granted in its entirety.

Dated: New York, New York
       February 4, 2014

Respectfully,

By: _____
Marc E. Kasowitz
  (mkasowitz@kasowitz.com)
Aaron H. Marks
  (amarks@kasowitz.com)
Ronald R. Rossi
  (rrossi@kasowitz.com)
Emilie B. Cooper
  (ecooper@kasowitz.com)
KASOWITZ, BENSON, TORRES
  & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
Tel.:(212) 506-1700

Ely Goldin
  (egoldin@foxrothschild.com)
Ernest Edward Badway
  (ebadway@foxrothschild.com)
W. Christian Moffitt
  (cmoffitt@foxrothschild.com)
FOX ROTHSCHILD LLP
100 Park Avenue, Suite 1500
New York, New York 10017
Tel.:(212) 878-7900

Andrew Mac
  (andrew_mac@epamusa.com)
EPAM USA PLLC
2200 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Tel.:(202) 507-5762

*Attorneys for Plaintiff Veleron Holding, B.V.*