**Weil, Gotshal & Manges LLP**

BY ECF

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Jonathan D. Polkes**
+1 (212) 310-8881
Jonathan.Polkes@weil.com

August 12, 2014

Hon. Ronald L. Ellis
United States District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Veleron Holding, B.V. v. Morgan Stanley et al.*, 12-cv-5966 (S.D.N.Y.)

Dear Judge Ellis:

We write on behalf of the Morgan Stanley Defendants (1) in connection with the teleconference before Your Honor on July 15, 2014 regarding Morgan Stanley's motion to compel documents Veleron withheld on the basis of purported attorney-client privilege and work product immunity as to foreign attorneys; and (2) in response to Veleron's August 7 letter seeking an order compelling Morgan Stanley to produce *additional* documents in response to Request No. 1 of Veleron's Third Set of Document Requests ("Request No. 1"). As to the first, we respectfully note that the parties are awaiting a decision on the motion to compel and the discovery deadline, August 29, 2014, is fast approaching. To the extent Your Honor's order on the motion will result in production from Veleron, we need time to review any additional documents before discovery closes.

As to the second, Veleron's decision to continue to pursue its motion to compel defies reason. But it is not surprising. As it has done throughout this litigation, Morgan Stanley, in an effort to avoid burdening the Court with frivolous discovery disputes, agreed over its objections to produce responsive documents to Request No. 1. And, consistent with Veleron's repeated pattern of discovery overreach, Morgan Stanley's attempts to strike reasonable compromise were met with only increasingly unreasonable demands from Veleron.

This instant dispute, like all of Veleron's "discovery disputes," is a manufactured conflict. It arises from Veleron's request for "documents concerning or evidencing any acknowledgement of, agreement to abide by, or consent to comply with [Morgan Stanley's internal] Policies and Procedures." In addition to seeking documents beyond the Relevant Time Period,[1] the request is improper because, as Morgan

---

[1] On a teleconference on October 9, 2013, Your Honor denied Veleron's motion to compel Morgan Stanley to produce documents for a wider time period and ordered Morgan Stanley to produce documents only from September 15, 2008 through October 3, 2008.

Magistrate Judge Ellis  
August 12, 2014  
Page 2

**Weil, Gotshal & Manges LLP**

Stanley explained during meet-and-confer conferences, Morgan Stanley's *internal* policies and procedures (and hence any certifications as to those policies) are not relevant to this private insider trading claim. The policies and procedures do not give rise to rights owed to or enforceable by third parties, and no court has ever found that a company's internal policies and procedures regarding confidential information, information barriers, walling procedures, or insider trading create a duty to third parties for the purposes of insider trading.

Nonetheless, to save the Court's time and resources—and to moot the issue—Morgan Stanley searched its personnel records and produced certifications of the Code of Conduct for 2008 for the current and former employees in question and informed Veleron as to additional policies and procedures that did not require formal acknowledgement. Predictably, Morgan Stanley's efforts to appease Veleron's requests were met only with increasingly unreasonable demands. Veleron demanded that Morgan Stanley produce certifications from 2009—well after the events at issue here—and to produce "country supplements"—having nothing to do with U.S. securities laws. The requests should be denied.

The certifications are not, as Veleron suggests, "forward- and backward-looking" and, as such, the certifications of the 2009 Code of Conduct are not relevant to any conduct that occurred in 2008. Further, the actions that form the basis of Veleron's claims against Morgan Stanley occurred in the United States and Veleron is alleging violations of U.S. securities law. Thus, supplements to the Code of Conduct for other countries are of no relevance here. Finally, the fact that Morgan Stanley employees acknowledged that they "understood applicable laws and regulations, including those pertaining to refraining from misuse of material non-public information" has no relevance to whether Morgan Stanley in fact traded on material non-public information in violation of a duty. Knowledge or understanding of federal securities laws (or lack thereof) is neither an element of nor a defense to allegations of insider trading.

Veleron's insistence on pursuing this motion to compel is of a piece with its consistent pattern of responding to Morgan Stanley's discovery accommodations with only more extreme demands. For example, Morgan Stanley objected to Request No. 2 of Veleron's Third Set of Document Requests, which sought "[a]ll documents concerning or evidencing any violations of the Policies and Procedures by any Relevant Morgan Stanley Employees." Morgan Stanley interposed a relevance objection, for the reasons stated above. In response, Veleron accused Morgan Stanley of hiding something. To prevent Veleron from burdening the Court with a motion to compel, Morgan Stanley conducted a search of its disciplinary records and confirmed that no record exists of any violation of any Morgan Stanley policy or procedure with respect to 23 current and former Morgan Stanley employees identified by Veleron. Undeterred, after receiving this information, Veleron served Morgan Stanley with a notice for a 30(b)(6) deposition about, among other things, "sanctions and penalties for violating the Policies and Procedures." Quite obviously, sanctions and penalties cannot be relevant when there have been no violations.

Magistrate Judge Ellis
August 12, 2014
Page 3

**Weil, Gotshal & Manges LLP**

Similarly, throughout 2014, Morgan Stanley has accommodated Veleron's requests that Morgan Stanley search for and produce documents from additional custodians. By April 2014, Morgan Stanley had produced documents for over forty custodians. Nevertheless, on May 13, 2014, Veleron demanded that Morgan Stanley collect and produce documents from nine additional custodians. Morgan Stanley objected on the grounds that it had far exceeded its discovery obligations, Veleron was requesting additional custodians without providing any reasoned basis, and the custodians requested were not likely to have additional relevant documents. Veleron again threatened to move to compel and Morgan Stanley agreed, over its objections, to satisfy Veleron's curiosity by completing a search for five of the requested custodians. The review of documents for the custodians who Veleron insisted had highly relevant information yielded only seventeen non-duplicative responsive documents, none of which provided substantively new information regarding the case.

In short, Veleron has received more than all relevant discovery in this Action and continues to pursue this frivolous motion to compel for tactical reasons. Morgan Stanley respectfully requests that Veleron's Motion to Compel be denied.

Respectfully submitted,

Jonathan D. Polkes