KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019-6799

212-506-1700

FACSIMILE: 212-506-1800

RONALD R. ROSSI
PARTNER
212-506-1947
RROSSI@KASOWITZ.COM

ATLANTA
HOUSTON
NEWARK
SAN FRANCISCO

August 18, 2014

**BY ECF**

Honorable Ronald L. Ellis
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Veleron Holding, B.V. v. Morgan Stanley, et al.*, **12-cv-5966 (S.D.N.Y.)**

Dear Judge Ellis:

      On behalf of plaintiff Veleron Holding, B.V. ("Veleron"), we respond to the letter submitted by Morgan Stanley on August 13, 2014 ("August 13 Letter") concerning Veleron's Responses and Objections ("Responses") to Morgan Stanley's First Requests for Admission ("RFAs"). For the reasons stated herein, Morgan Stanley's request that Veleron be compelled to respond to RFAs identified in the August 13 Letter ("Identified RFAs") should be denied.

## BACKGROUND

      Veleron's First Amended Complaint ("FAC") alleged numerous causes of action against several parties. However, in a decision dated May 16, 2013, Judge McMahon dismissed all of the claims in the FAC *except* for the securities fraud claim against Morgan Stanley. Following this decision, Morgan Stanley had no doubt about what remained at issue in this action. As it stated unequivocally in correspondence to Your Honor, "[t]his case now solely involves allegations that Morgan Stanley traded on, and disseminated to others, material non-public information concerning margin calls BNP made to Veleron and the possible sale of Veleron's Magna shares." *See* Ex. 1. Confirming this understanding, Morgan Stanley asserted that any information "**not reasonably likely to lead to the discovery of admissible evidence of insider trading or tipping [was] not subject to discovery.**" *Id.* This Court agreed.

      However, on June 9, 2014 -- in a blatantly improper effort to harass Veleron -- Morgan Stanley propounded over 140 RFAs, virtually all of which have no bearing on the remaining claim against Morgan Stanley.[1] Indeed, many of the RFAs are patently absurd, such as the RFA

---

[1] Contrary to Morgan Stanley's contention, Veleron has never played "hide the ball" with respect to the allegations of the FAC, nor could it -- the FAC clearly states that Morgan Stanley violated the federal securities laws by shorting Magna shares while in possession of material non-public information. This is plainly what the Court refused to dismiss, what the Court has repeatedly said is still at issue in this case, and what Morgan Stanley explicitly understood -- per its previous correspondence with this Court -- to be the scope of the action.

Kasowitz, Benson, Torres & Friedman LLP

Honorable Ronald L. Ellis
August 18, 2014
Page 2

seeking an admission that the ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *See* RFA No. 122.

Veleron rightfully objected to such irrelevant RFAs.[2] Thereafter, the parties engaged in a meet-and-confer during which Morgan Stanley was unable to articulate how the majority of the objected-to RFAs bear on Morgan Stanley's liability for insider trading or market manipulation.[3] Indeed, Morgan Stanley is still unable to do so.

## ARGUMENT

### I. Requests For Admission Must Be Within The Scope of Rule 26 And Narrow The Issues For Trial.

Contrary to Morgan Stanley's apparent belief, requests for admission are not a broad discovery device to gather information about a complaint or a plaintiff. *See, e.g., T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc.*, 174 F.R.D. 38, 42 (S.D.N.Y. 1997). Rather, as is well-established, the purpose of requests for admission is to narrow and eliminate issues for trial. *See id.*; *see also* Fed. R. Civ. P. 36 advisory committee note (1970). Accordingly, a party may only propound requests for admission concerning "matters within the scope of Rule 26(b)(1)" -- that is, matters relevant to the claims or defenses in an action. Fed. R. Civ. P. 26, 36.

Indeed, requests for admission that pertain to irrelevant topics or which fail to narrow the factual issues for trial are improper. *See Kryszak v. Chase Bank USA, N.A.*, 2008 WL 822015, at *5 (W.D.N.Y. Mar. 26, 2008) (plaintiff need not respond to requests that would not narrow the factual issues); *Carlingford Australia Gen. Ins. Ltd. v. St. Paul Fire & Marine Ins. Co.*, 1990 WL 102217, at *1 (S.D.N.Y. July 12, 1990) (motion to compel denied where requests for admission would not lead to relevant evidence). Further, a request for admission is not necessarily within the ambit of Rule 26 merely because it relates to allegations in a complaint. *See Justice v. King*, 2011 WL 1432130, at *3 (W.D.N.Y. Mar. 24, 2011), *report and recommendation adopted*, 2011 WL 1431387 (W.D.N.Y. Apr. 14, 2011). Rather, contrary to the premise of Morgan Stanley's August 13 Letter, where allegations in a complaint do not concern the pending claims in an action, requests concerning irrelevant allegations are improper and need not be answered. *See id.* (denying motion to compel); *see also U.S. Bank Nat. Ass'n v. PHL Variable Ins. Co.*, 2013 WL 1728933, at *6 (S.D.N.Y. Apr. 22, 2013) (denying motion to compel where RFAs were not "focuse[d] on the relevant aspect of the [deal]"); *Carlingford Australia Gen. Ins. Ltd.*, 1990 WL 102217, at *1 (S.D.N.Y. July 12, 1990) (denying motion to compel where requests for admission did not address plaintiff's theory of the case).

---

[2] While Morgan Stanley complains that Veleron objected to 122 RFAs on the basis of Rule 26, Veleron's objections are a result of the improper nature of Morgan Stanley's RFAs, not Veleron's overzealousness. Indeed, the August 13 Letter fails to contest the majority of Veleron's objections -- a clear concession that, by and large, Morgan Stanley's RFAs are inappropriate and harassing, and that Veleron's objections are proper.

[3] As a result of certain of the explanations that Morgan Stanley provided during the meet-and-confer, Veleron indicated that it would amend certain of its Responses. However, Morgan Stanley filed the August 13 Letter before Veleron was able to amend its Responses. Nevertheless, earlier today, Veleron served amended Responses which are attached hereto. *See* Ex. 2. Many of the amendments are with respect to the Identified RFAs, thus rendering Morgan Stanley's request moot. *See id.*, Response Nos. 2, 6, 11, 19, 21, 28, 75, 86, and 87.

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

Honorable Ronald L. Ellis
August 18, 2014
Page 3

## II. The RFAs Propounded By Morgan Stanley Are Not Within The Scope of Rule 26, And Do Not Narrow The Issues For Trial.

Here, Morgan Stanley has not (and cannot) explain how the information sought by the Identified RFAs is relevant to Veleron's claims or Morgan Stanley's defenses -- as opposed to the "theories alleged in the FAC" generally -- or how the Identified RFAs would narrow the issues for trial.[4] This failure is evident from the bullet points in the August 13 Letter:

- The RFAs that Morgan Stanley asserts are about "Veleron's corporate structure, the laws under which Veleron is organized, and Veleron's employees, officers and directors" do not bear on the pending claim for securities fraud or Morgan Stanley's defenses thereto.[5] For example, it is incomprehensible how responses to RFAs seeking admissions that "Veleron has never had a corporate website" and that Veleron's statutory director "was paid 240 euros per hour for his services" would narrow the issues to be tried here. *See* Ex. 2, RFA Nos. 17 and 33.

- While the issuance of the margin calls and the dissemination of the margin call notices are relevant to the timing of Morgan Stanley's trading and the confidentiality of the material non-public information on which Morgan Stanley traded,[6] the mechanics of how the margin calls were triggered and Veleron's ultimate payment or non-payment of the margin calls do not bear on Morgan Stanley's liability under federal securities laws.

- Similarly, the mechanics of the Credit Agreement and what constitutes an Event of Default -- while relevant to claims in the FAC that were dismissed -- are simply not relevant to the question of whether Morgan Stanley traded while in possession of material non-public information. Indeed, Morgan Stanley's assertion that "the Credit Agreement . . . is the centerpiece of this litigation" is demonstrably false, as the Court dismissed all claims in the FAC brought pursuant to the Credit Agreement.

- Finally, the Court also dismissed all claims based on Morgan Stanley's improper disposal of the collateral during the ABB. Thus, whether a deficiency existed after the ABB does not bear on any of the issues to be tried and is completely unrelated to whether Morgan Stanley committed insider trading or manipulated the market prior to launching the ABB.

\* \* \*

Accordingly, for the reasons set forth herein, Veleron respectfully requests that the Court deny Morgan Stanley's demand that Veleron be compelled to respond to the Identified RFAs.

---

[4] Morgan Stanley also fails to raise -- much less refute -- that Veleron made valid objections to many of the Identified RFAs on grounds other than Rule 26. For example, Veleron objected to RFA Nos. 68 through 72 because they request admissions as to legal interpretations of the Credit Agreement. To the extent that the Court finds that any of the Identified RFAs are relevant, Morgan Stanley's request to compel responses should nonetheless be denied based on these other, valid objections.

[5] Veleron responded to RFA Nos. 11, 19, 21, and 28. *See* Ex. 2.

[6] Accordingly, Veleron responded to RFAs regarding the margin call notices and the dissemination of the margin calls. *See, e.g.*, Ex. 2, Response No. 87.

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

Honorable Ronald L. Ellis
August 18, 2014
Page 4

Respectfully,

Ronald R. Rossi

cc:     All Counsel (by ECF)